FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

97 AUG 22 PM 4:20

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| BISHOP EQUIPMENT CO., INC., | }  |
|     Plaintiff | } |
| vs. | } CIVIL ACTION NO. |
| COMPOST TECHNOLOGY INTER-NATIONAL, INC., ET AL., | } 97-AR-1872-M |
|     Defendants | } |

ENTERED

AUG 22 1997

## MEMORANDUM OPINION

On June 18, 1997, plaintiff, Bishop Equipment Co., Inc. ("Bishop"), filed a complaint in the Circuit Court of Marshall County, Alabama, against three defendants. Defendant, Compost Technology International, Inc. ("Compost"), and defendant, James Willits ("Willits"), were both served with the complaint on or about June 24, 1997, and filed their purported notice of removal in this court on July 22, 1997, within the 30-day time limit provided by 28 U.S.C. § 1446(b). At that time the third defendant, Arens Sales & Consulting ("Arens"), had not yet been served with the complaint itself. However, in its purported joinder in the removal filed on August 11, 1997, it said:

> [I]ts attorney has received a copy of the complaint as well as a copy of the petition for removal filed by Compost Technology International, Inc. and James Willits.

The date of such receipt is conspicuously absent. For aught

13

appearing it could have been on July 20, 1997, easily within time to have joined by July 22, 1997.

On August 4, 1997, Bishop filed a motion to remand, claiming procedural defects in the removal. There are at least three fatal procedural defects.

## **First Defect**

Unless a notice of removal explains why one or more of several defendants has not joined in the removal, the removal is ineffectual. Bishop points out that the notice of removal filed by Compost and Willits on July 22, 1997, does not explain the non-joinder of Arens. Bishop correctly cites *Bradwell v. Silk Greenhouse, Inc.*, 828 F. Supp. 940 (M.D. Fla. 1993), for the proposition that such an absence <u>must be satisfactorily explained in the notice of removal</u>. Defendants cannot cure this defect by amending their notice of removal after the deadline for removal, something they tried to do. *Bradwell* says:

> ... at the time of removal the [removing party] failed to inform the Court of the reason less than all defendants had consented to removal. Deficiencies in the notice of removal can be corrected within the thirty day time period; however, once the thirty day period has elapsed "the notice of removal 'may be amended only to set out more specially the grounds of removal that already have been stated, albeit imperfectly in the original petition.'"

*Id.* at 943. *Martin Oil v. Philadelphia Life Ins.*, 827 F. Supp 1236, 1239 (N.D.W.Va. 1993), also supports this proposition by saying: "Although a defendant is free to amend a notice of removal within the 30-day period ... once the 30-day period has expired,

2

amendment is not available to cure a substantial defect in the removal proceedings."

## Second Defect

This court does not read *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254 (5th Cir. 1988), to require that all defendants join in the removal within thirty days from service on the first-served defendant, no matter whether a non-joining defendant is aware of the suit or not. This court does conclude that a party is alerted to the thirty-day period when it is served "or <u>otherwise</u> [obtains] a copy of the initial pleadings setting forth the claim for relief upon which such action or proceeding is based." (emphasis supplied) 28 U.S.C. § 1446(b). Arens confesses that it did receive a copy of the complaint despite not having been formally served. The fact that it fails to state the date upon which it learned of the suit allows the court to conclude for the purposes of removal jurisdiction, always construed against the removing parties, that Arens received notice within time for it to have joined the removal by July 22, 1997, or at least such sooner than August 11, 1997, well after the motion to remand was filed. This may explain why Compost and Willits made no attempt to explain the non-joinder of Arens.

## Third Defect

This court routinely treats papers filed in the names of law firms instead of by lawyers licensed to practice in this court as

nullities. The purported notice of removal filed by Compost and Willits, as well as the purported joinder by Arens, are in this void category. Rule 11, F.R.Civ.P., unequivocally requires every paper filed by a non *pro se* party to be signed by an attorney <u>in his individual name</u>. The rationale behind the rule is obvious. *See The Alabama Lawyer*, Vol. 47 No. 4, p. 230 (July 1, 1986). *See also Robinson v. National Cash Register Co.*, 808 F.2d 1119, 1128 (5th Cir. 1987), which holds:

> If a party is represented, the required signature must be that of an attorney, <u>not</u> <u>a</u> <u>firm</u>, who is one of the attorneys of record for the party.

(emphasis supplied). *See also Pavelic & Leflore v. Marvel Entertainment Group*, 493 U.S. 120, 110 S.Ct. 456 (1989).

Although the parties here purporting to remove have now undertaken to substitute signatures of their attorneys-of-record for the names of their respective law firms, the attempted corrections come too late, making the removal untimely.

### Conclusions

For the foregoing separate and several reasons, plaintiff's motion to remand will be granted by separate order.

DONE this 22nd day of August, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE